## Miller *v.* Grimes et al., Appellants.

*Decedents' estates—Real property—Intestacy—Blood of the first purchaser—Act of April 8, 1833, P. L. 315.*

1. A person is with the most strict propriety of language affirmed to be of the blood of another who has any, however small a portion, of the same blood derived from a common ancestor.

2. A married woman having purchased a lot of land died, survived by her husband and minor daughter. The lot descended to the daughter, subject to the husband's curtesy. The daughter subsequently died, unmarried and without issue. Two brothers of the mother claimed the fee in the lot, alleging that the father could not inherit the lot from the daughter because he was not of the blood of his wife who was the first purchaser. It appeared that the husband and wife were related to a common great-grandfather in the same degree of consanguinity. The lower court decided that under Section 5 of the Act of April 8, 1833, P. L. 315, the fee to the lot vested in the husband upon the death of his daughter. *Held,* no error.

Argued June 3, 1918. Appeal, No. 284, Jan. T., 1917, by defendants, from judgment of C. P. Fayette Co., June T., 1915, No. 792, in case of Colley J. Miller v. William Grimes and Lee Grimes. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Framed issue to determine title to land in Fayette County. Before REPPERT, J.

The opinion of the Supreme Court states the facts.

The trial judge directed a verdict for plaintiff upon which judgment was entered. Defendants appealed.

*Error assigned* was in directing a verdict for plaintiff and in refusing to direct a verdict for defendants.

*W. J. Sturgis,* of *Sturgis & Morrow,* with him *Crow & Shelby,* for appellants.

*D. M. Hertzog,* with him *Lee Smith,* for appellee.

PER CURIAM, July 17, 1918:

On May 8, 1899, Anna Lenora Grimes Miller, the wife of Colley J. Miller, the appellee, acquired title by deed to the lot of ground involved in this controversy. She died intestate May 16, 1902, leaving to survive her her husband and a child, Inez Irene Miller, to whom the said lot descended subject to the husband's curtesy. The child died a month later, in her minority, unmarried and without issue. Two brothers of her mother claimed the fee in the lot on the ground that it had not passed from her to her father because he was not of the blood of her mother, the first purchaser, and this issue was framed, under the Act of June 10, 1893, P. L. 415, to determine the title to the fee.

The appellee and his wife were both descendants of Caleb Johnson, and were related to him in the same degree of consanguinity, the husband as a great-grandson and the wife as a great-granddaughter, and the learned court below correctly held that the husband was of the blood of his wife, the perquisitor of the lot: Hart's App., 8 Pa. 32. "A person is with the most strict propriety of language affirmed to be of the blood of another who has any, however small a portion, of the same blood derived from a common ancestor": STORY, J., in Gardner v. Collins et al., 2 Peters 58.

Under the fifth section of the Act of April 8, 1833, P. L. 315, the fee in the lot vested in the appellee upon the death of his daughter, and the judgment on the verdict directed in his favor is affirmed.